**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FCE BENEFIT ADMINISTRATORS, INC., | No. 22-15484 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00186-CRB |
| v. | |
| INDIAN HARBOR INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted January 26, 2023
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

This is an insurance dispute between an insured, Appellant FCE Benefit Administrators, Inc. ("FCE"), and insurer, Appellee Indian Harbor Insurance Company ("Indian Harbor"), over the coverage afforded under an errors and omissions policy. FCE sued Indian Harbor, claiming that Indian Harbor breached this policy by refusing to reimburse FCE beyond a $3 million per-claim limit on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

defense costs and damages arising out of a $5.7 million arbitration award entered against FCE. Indian Harbor counterclaimed for restitution, claiming that FCE owed it several hundred thousand dollars that Indian Harbor had paid beyond this $3 million limit. The district court granted summary judgment in favor of Indian Harbor on both issues, and FCE appealed. We have jurisdiction under 28 U.S.C. § 1291. We "review the district court's grant of summary judgment de novo," *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022), and we affirm.

1. The district court correctly held that the policy's $3 million per-claim limit applies to the defense expenses and damages arising from the underlying arbitration proceeding against FCE. The policy has two per-claim limits on liability: (1) a $3 million limit for "any claim by reason of an actual or alleged act or omission . . . committed prior to June 6, 2017"; and (2) a $5 million limit for "any claim based exclusively on acts or omissions . . . committed on or after June 6, 2017." And, relevant to this dispute, the policy "consider[s as] a single claim" "[t]wo or more claims arising out of the same or related facts, circumstances, situations, transactions or events, or arising out of the same or related acts or omissions[.]"

Here, the claims[1] asserted in the underlying arbitration are related under this policy. The underlying arbitration was a single proceeding brought by two related insurance companies for whom FCE managed group health plans. The claimants sought to recover for damages they had incurred as a result of FCE's alleged errors and omissions in managing such plans dating back to, at least, 2014. Under the policy's related claims provision, the claims asserted in arbitration arose from "related facts, circumstances, situations, transactions or events" and constituted a "single claim." And because this claim arose (at least in part) from errors and omissions committed by FCE before June 6, 2017, the $3 million per-claim limit applied.

FCE offers several counterarguments, none of which is persuasive. FCE argues that the underlying claims are too distinct to be related. However, given the breadth of the related claims provision in the policy and the California Supreme Court's "broad" construction of such provisions, *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 855 P.2d 1263, 1271 (Cal. 1993),[2] we hold that the claims are related. FCE also contends that the related claims provision does not pertain to the issue of which coverage limit applies. That contention is without support in the

---

[1] Like the district court, we conclude that even if the policy consisted of multiple claims, the policy considers them to be a single claim under the related claims provision, and so the same result follows as if there were just one claim.

[2] California law applies to this action.

3

policy or California law. *See Homestead Ins. Co. v. Am. Empire Surplus Lines Ins. Co.*, 52 Cal. Rptr. 2d 268, 273 (Cal. Ct. App. 1996) (recognizing that related claims provisions "exist[] to clarify other policy provisions" including provisions related to "limits of liability"). Next, FCE insists that the district court erroneously construed the term "by reason of," as it appeared in the $3 million per-claim limit, broadly. However, the record shows that some of FCE's errors and omissions took place before June 6, 2017.[3] By any reasonable construction, the $3 million claim limit applies. Finally, FCE relies on the "potentiality of coverage" standard to argue Indian Harbor had to pay up to the largest limit afforded under the policy because it was (allegedly) unclear at the outset of the arbitration which limit applied. We reject that argument. The standard cited by FCE applies to an insurer's duty to defend. *Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 326 P.3d 253, 258 (Cal. 2014). There is no question that Indian Harbor defended FCE in the underlying arbitration. The duty to defend is not at issue.

2. We also agree with the district court that Indian Harbor is entitled to summary judgment on its counterclaim for restitution. The California Supreme Court has recognized that an insurer's payment of defense costs and damages beyond

---

[3] FCE insists that the district court erroneously relied on the Seventh Circuit's opinion confirming the arbitration award against FCE in reaching this conclusion. This contention is without merit for (at least) the simple reason that the record outside of that decision unquestionably supports the district court's conclusion.

what is required by an insurance policy may entitle the insurer to restitution on that excess amount. *See Buss v. Superior Ct.*, 939 P.2d 766, 777 (Cal. 1997). Here, Indian Harbor paid several hundred thousand dollars in excess of the $3 million per-claim limit. The district court did not err in awarding Indian Harbor restitution of that excess amount. FCE counters that restitution is improper here because it alleges that it relied on this excess amount in reaching a settlement. However, we agree with the district court that FCE did not offer evidence from which a reasonable finder of fact could conclude that FCE relied on this relatively small amount in settling a nearly $6 million award.

**AFFIRMED**